ROBERT S. ISABEL AND JEAN Z. ISABEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Isabel v. Commissioner
Docket No. 9096-79.
United States Tax Court
T.C. Memo 1980-181; 1980 Tax Ct. Memo LEXIS 404; 40 T.C.M. (CCH) 393; T.C.M. (RIA) 80181; May 21, 1980, Filed *404 Held, petitioners failed to carry their burden of proving a petition, bearing no postmark and received by the Court 95 days after the mailing of the notice of deficiency, was timely filed. Robert S. Isabel, pro se. Jack E. Prestrud, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before us on respondent's motion to dismiss for lack of jurisdiction filed August 2, 1979. Respondent mailed a statutory notice of deficiency in Federal income taxes to each petitioner on March 29, 1979. The notices asserted deficiencies *405 as follows: Additions to Tax
Petitioner
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
Robert S. Isabel
$ 634.17
$ 37.48
$ 31.71
$ 18.12
Jean Z. Isabel
$3,546.92
$269.80
$177.35
$101.31
Petitioners resided at Hudson, Ohio, when their petition was filed in this case. Respondent filed a motion to dismiss their petitioner for failure of timely filing. The last day for timely filing the petition under section 6213(a) [2] was Wednesday, June 27, 1979, which was not a legal holiday in the District of Columbia. Petitioners' petition was received through *406 the mail in the Tax Court mailroom on Monday, July 2, 1979, and stamped accordingly at 9:15 a.m. Such date was 95 days after the mailing of the notice of deficiency. At 10:25 a.m. that same day the petition was stamped "Filed" by one of the employees in the petition section of the Court. The envelope containing the petition was properly addressed and had a sufficient amount of postage attached. The envelope, however, bore no postmark on its arrival at the Court. Filing of a petition is completed when it is received by the Court, unless the exception provided by section 7502 applies. The petition herein was obviously not received by the Court within the 90-day period prescribed in section 6213(a). Section 7502(a)(1) provides that a petition received after the 90th day is deemed filed on the date of the postmark, if the postmark is timely. [3] In the absence of a postmark on the envelope in which the petition is mailed, evidence of the date of mailing is admissible to show the date of the postmark which would have been stamped on the envelope had the postal workers performed their duties properly, ; . *407 Respondent asserts that petitioners have not offered any admissible evidence showing the petition in this case was timely filed. Thus, respondent claims the case must be dismissed because petitioners have failed to carry their burden of proof. We agree. Petitioner Robert S. Isabel testified that he had obtained two letters showing the petition was timely filed. The first was *408 from petitioners' accountant claiming he had mailed an envelope containing the petition on the last day for timely filing just after petitioners had signed the petition at their attorney's office. The second letter was from a postmaster in Akron, Ohio, admitting the United States Post Office has delivered letters several times in the past without a postmark. These letters are clearly hearsay and therefore cannot be admitted as proof of timely filing. At trial, we informed petitioner Robert S. Isabel that the letters were inadmissible and that he had the burden of proving the petition was timely filed. By failing to offer any other evidence, he chose to ignore our admonition. There being no evidence in the record showing the petition was timely filed, we conclude petitioners have not met their burden of proof and consequently must grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be issued. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in secction 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *↩
3. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of Delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.↩